EDWARD M. TOUSLEY v. W. W. HEFFELFINGER AND OTHERS.[1]

January 30, 1931.

No. 28,333.

*Floyd B. Olson,* County Attorney, and *Frank J. Williams,* Assistant County Attorney, for appellants.

*Daniel F. Foley* and *Howard P. Quealy,* for respondent.

LORING, J.

This is a taxpayer's suit to restrain the members of the county board and the county auditor of Hennepin county from expending county funds for the purpose of constructing a road in Anoka county which in part runs through Columbia Heights, a city of the fourth class, and is to be connected with University avenue northeast, an established street in the city of Minneapolis, a city of the first class. A demurrer to the complaint was overruled by the trial court, which certified the questions involved as important and doubtful, and this appeal was taken.

[1]Reported in 234 N. W. 673.

L. 1929, p. 507, c. 365, authorizes counties having an assessed valuation of not less than $350,000,000 and a bonded indebtedness not to exceed $7,000,000 to acquire by gift, purchase, or condemnation, easements for, and to construct or improve, or aid in the construction or improvement of, roads outside the limits of said county but leading into an established street in any city of the first class situated within said county. It will be observed that this act does not limit the county to such roads as lie outside cities, villages, or boroughs as was the case with the public highway act which authorized counties to appropriate money for the construction and maintenance of roads in other counties.

It is the contention of the plaintiff that c. 365 was merely intended by the legislature to authorize a county to acquire easements and to construct roads where none had existed before, but that otherwise it did not enlarge the powers previously vested in the county by the highway act.

The defendants contend on the other hand that the purpose of the act of 1929 was to authorize a county to do just what Hennepin county now proposes to do—to construct a road through a city of the fourth class in an adjoining county.

There can be no question but that if the legislature chooses to confer upon a county the privilege of so doing it can give it the right to do what Hennepin county is now proposing to do. The legislature has full and paramount authority over all public highways, and the power to lay out, open, vacate, or abandon public highways, parks, or parkways, is legislative, to be exercised by the legislature itself or by municipal boards which it delegates. The legislature may give to the county control over highways within a municipality. 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 4158, and cases there cited.

We are of the opinion that by the act of 1929 the legislature intended to confer upon a class of counties to which Hennepin belongs the power to expend its funds in the construction and improvement of highways outside its borders which connect with a street established in a city of the class of Minneapolis, and that

such power is conferred without limitation as to whether or not the right is exercised within cities, villages, boroughs, or rural districts. It is significant that in the highway act [G. S. 1923 (1 Mason, 1927) § 2560, subd. 1] the legislature, in conferring upon counties generally the right to construct roads outside of their boundaries, thought it necessary among other things to limit this construction to such highways as lie outside of cities, villages, or boroughs, and that no such limitation was attached to the act of 1929. It will also be noted that the act of 1929 does not authorize the expenditure of funds for the maintenance of the road to be constructed as in the case of the highway act. However the question of control over the highway proposed to be built is not now before us, but only the power to expend money in its construction or improvement.

We hold that L. 1929, p. 507, c. 365, conferred upon a county coming within the class specified the authority to acquire right of way and to construct or improve a road within a city which lies outside its boundary but which road connects with an established street in a city of the first class situated within the county expending the funds. We are not impressed with the plaintiff's contention that a road is to be distinguished from a street, and that in order to justify the construction contended for by defendants the legislature would have had to use the word "street" where the same goes through the platted portion of any city. In the act before us we think the word "road" was used in the broad sense of "highway." Nor do we believe that the provision in the highway act excluding cities, villages, and boroughs from the territory within which such roads may be built carries over and modifies the law of 1929.

■ The plaintiff also contends that the classification of counties to which the act of 1929 is applicable is unconstitutional. We think however that the classification therein set forth is sufficiently germane to the purpose and object of the act to bring the law within the constitutional provision.

The order overruling the demurrer is reversed.